IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MATT MEIER,<br>(2) SHERYL MEIER, and<br>(3) KAI BACH, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>(1) CHESAPEAKE OPERATING L.L.C.;<br>(2) DEVON ENERGY PRODUCTION COMPANY, LP;<br>(3) MIDSTATES PETROLEUM COMPANY LLC;<br>(4) NEW DOMINION, LLC;<br>(5) RANGE PRODUCTION COMPANY, LLC;<br>(6) SPECIAL ENERGY CORPORATION; and<br>(7) WHITE STAR PETROLEUM, LLC,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-17-<u>703-D</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT DEVON ENERGY PRODUCTION COMPANY, L.P.'S
## NOTICE OF REMOVAL

Defendant Devon Energy Production Company, L.P. ("Devon"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, the Class Action Fairness Act ("CAFA"), and LCvR 81.2, hereby submits this Notice of Removal and notifies this Court that it is removing the above-captioned action, currently pending in the District Court of Payne County, Oklahoma to the United States District Court for the Western District of Oklahoma. In support of this Notice of Removal, Devon states as follows:

### SUMMARY FOR REMOVAL

1.     On June 13, 2017, Plaintiffs filed in the District Court of Payne County, Oklahoma a Class Action Petition for damages, punitive damages, attorneys' fees and costs, and other additional relief styled *Matt Meier, Sheryl Meier and Kai Bach v. Chesapeake Operating*

*L.L.C., Devon Energy Production Company, L.P., Midstates Petroleum Company L.L.C., New Dominion, L.L.C., Range Production Company, L.L.C., Special Energy Corporation, and White Star Petroleum, L.L.C.*, Case No. CJ-2017-277 (the "State Court Action"). All papers served in the State Court Action and the docket sheet are attached hereto as Exhibits 1-9.

2. Devon was served with the Class Action Petition on June 26, 2017. This Notice of Removal was filed with this Court within 30 days of service of Plaintiffs' Petition, as required by 28 U.S.C. § 1446(b).

3. As required by 28 U.S.C. § 1441(a), Devon is removing this case to the U.S. District Court for the Western District of Oklahoma, which is the district and division embracing the place where the State Court Action was filed.

4. In accordance with 28 U.S.C. 1446(d), Devon is giving prompt written notice of the original Notice of Removal to all adverse parties and the clerk of the District Court of Payne County, Oklahoma.

5. As set forth below, this Court has subject matter jurisdiction over this case pursuant to the class action provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(1)-(10), 1453. Removal is proper because the suit is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant; because the proposed class is comprised of at least 100 class members; and because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006).

6. Pursuant to 28 U.S.C. § 1453(b), this matter "may be removed by any defendant without the consent of all defendants."

## NATURE OF THE CASE

7. Plaintiffs' Petition seeks damages, punitive damages, attorneys' fees and costs, and other additional relief under theories of public nuisance, private nuisance, strict liability for alleged ultra-hazardous activities, and negligence. Plaintiffs allege that Defendants have disposed of saltwater produced during oil and gas operations in such a manner as to increase the risk of earthquakes in certain areas of Oklahoma. (Pet. ¶¶ 2-3, 27-28, 63.)

8. Specifically, Plaintiffs allege that Defendants operate saltwater disposal wells throughout the entire state of Oklahoma. (*Id.* at ¶ 63.) Plaintiffs allege that this activity correlates with increased seismic events in certain parts of Oklahoma. (*Id.* at ¶ 53.) Plaintiffs further assert that "Defendants are some of the largest operators and/or users of wastewater injection wells . . . and are the source of the fluids that have caused Oklahoma's earthquake swarm." (*Id.* at ¶ 35.)

9. Plaintiffs allege that "[a]s a direct and foreseeable result of Defendants' conduct, Oklahomans have been forced to purchase earthquake insurance to protect their homes and property." (*Id.* at ¶ 67.) Plaintiffs further allege that "those Oklahomans who purchased earthquake insurance before 2009 are now paying significantly more for their coverage as a result of Defendants' conduct." (*Id.* at ¶ 68.)

10. Plaintiffs seek (1) an order certifying the class as requested in their Petition and appointing Plaintiffs' counsel lead counsel for the class, (2) compensatory damages, (3) punitive damages, (4) attorneys' fees, expenses, and costs, (5) pre-judgment and post-judgment interest, and (6) "[a]ll other relief to which Plaintiffs and the Class are entitled or that the Court deems just and proper." (*Id.* at Prayer for Relief.)

# REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

**I.     This Suit Is A Class Action Whose Parties Are Minimally Diverse.**

11.    This action was filed by three named Plaintiffs who allege to be citizens of Oklahoma. (*Id.* at ¶¶ 5-7.) Plaintiffs bring their claims pursuant to 12 O.S. § 2023 on behalf of themselves and a class of "[a]ll citizens of Oklahoma who purchased or maintained earthquake insurance for their homes or property from 2008 through the time the Class is certified . . . ." (*Id.* at ¶ 74.) Though Devon denies that this lawsuit is properly maintained as a class action under Federal Rule 23, and reserves the right to challenge class certification, Plaintiffs have alleged a class action as that term is defined by 28 U.S.C. § 1332(d)(1).

12.    In class actions covered by CAFA, the requisite diversity of citizenship is satisfied as long as there is "minimal diversity," that is, so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Blockbuster*, 472 F.3d at 58-59; Order Denying Mot. Remand at 3, *Griggs v. Chesapeake Operating LLC*, No. 5:16-cv-00138 (W.D. Okla. June 30, 2016) (attached hereto as Exhibit 10) ("Devon's allegation that at least one plaintiff class member is a citizen of a state other than Oklahoma or Delaware is sufficient" to demonstrate minimal diversity under CAFA).

13.    Stated differently, the CAFA diversity requirement is satisfied when the citizenship of any one plaintiff is different from the citizenship of any one defendant. Once this minimum diversity has been established, the citizenship of any other plaintiff or any other defendant is no longer relevant to the analysis. Thus, as set forth below, CAFA minimum diversity is satisfied here because Defendant Range Production Company, LLC ("Range Production") is a citizen of Delaware and Texas and the proposed class is made up entirely of citizens of Oklahoma.

### A. The Named Plaintiffs And The Proposed Class Are Citizens Of The State Of Oklahoma.

14. The named Plaintiffs are citizens of Oklahoma. (Pet. at ¶¶ 5-7.) The proposed class comprises "[a]ll citizens of Oklahoma who purchased or maintained earthquake insurance for their homes or property from 2008 through the time the Class is certified . . . ." (*Id.* at ¶ 74.) Thus, both the named Plaintiffs and the proposed class consist entirely of Oklahoma citizens.

### B. Defendant Range Production LLC Is A Citizen Of Delaware And Texas.

15. Defendant Range Production is a limited liability company organized under the law of the State of Delaware with its principal place of business in Fort Worth, Texas. (*Id.* at ¶ 12.)

16. Under CAFA, Defendant Range Production is a citizen of Delaware and Texas. 28 U.S.C. § 1332(d)(10) ("For purposes of [CAFA], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) ("Under CAFA, suits brought by 'unincorporated association[s]' are treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by its state of organization and principal place of business . . . .").

17. As a citizen of Delaware and Texas, Defendant Range Production is diverse from the named Plaintiffs and the entire proposed class. (Pet. ¶¶ 5-7, 74.)

## II. Plaintiffs' Class Consists Of At Least 100 Members.

18. Plaintiffs' proposed class consists of "[a]ll citizens of Oklahoma who purchased or maintained earthquake insurance for their homes or property from 2008" to the present time. (*Id.*, ¶74.) Plaintiffs allege that this class of individuals "is sufficiently numerous and scattered across Oklahoma making joinder of all members of the Class in a single action impracticable . . .

." (*Id.* at ¶ 79.) Additionally, Plaintiffs allege that absent certification of their proposed class, "Class Members would be forced to prosecute thousands of similar claims in different venues around the State of Oklahoma." (*Id.* at ¶ 87.) Based on these allegations, the proposed class comprises a minimum of 100 members as required by 28 U.S.C. § 1332(d)(5)(B).

**III.    This Suit Is A Class Action With The Aggregate Amount In Controversy Greater Than $5,000,000.**

19.    Under CAFA, a minimally diverse class action is removable if the amount in controversy is greater than $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The claims of the individual class members "shall be aggregated" to determine whether that jurisdictional minimum has been met. 28 U.S.C. § 1332(d)(6).

20.    In this case, the jurisdictional minimum is met based on the breadth of the Plaintiffs' claims and proposed class. Specifically, Plaintiffs seek damages on behalf of all citizens of Oklahoma equal to "[t]he value of premiums paid to obtain earthquake insurance coverage; and/or . . . [t]he excess amount required to maintain earthquake insurance coverage after 2009." (Pet. ¶¶ 94, 98, 101, 105.)

21.    According to the Complaint, "[a]s the number of quakes in Oklahoma increased exponentially after 2008, so, too, did the number and cost of earthquake insurance policies written in the state." (Compl. ¶ 69.) The Complaint further alleges that "[t]he value of coverage, usually offered as an add-on to standard homeowners' policy, spike to $19 million in 2015 from less than $5 million in 2009, according to the Insurance Institute, a trade group." (*Id.*) Because Plaintiffs seek as damages the value of earthquake insurance premiums paid by all Oklahoma citizens between 2009 and the present day, Plaintiffs seek well over $5,000,000 in damages from Defendants.

## CONCLUSION

22. Because Plaintiffs allege a class action, have minimal diversity between the proposed class and at least one Defendant, propose a class of at least 100 members, and seek more than $5,000,000 in damages, CAFA permits removal to this Court.

WHEREFORE, Devon requests that the above-captioned action, now pending in the District Court for Payne County, Oklahoma be removed to the United States District Court for the Western District of Oklahoma, and that said U.S. District Court assume jurisdiction over this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

/s/ *John J. Griffin Jr.*
John J. Griffin Jr.

**CROWE & DUNLEVY**
A Professional Corporation
Braniff Building
324 N. Robinson Avenue, Ste. 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
Email: john.griffin@crowedunlevy.com

**ATTORNEYS FOR DEFENDANT**
**DEVON ENERGY PRODUCTION**
**COMPANY, LP**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June, 2017, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrant:

| | |
|---|---|
| Larry D. Lahman<br>Roger L. Ediger<br>Carol H. Lahman<br>**MITCHELL DECLERCK**<br>202 West Broadway<br>Enid, OK  73701<br>ldl@mdpllc.com<br>rle@mdpllc.com<br>chl@mdpllc.com | Douglas D. Wilguess<br>Heather A. Garrett<br>**WILGUESS & GARRETT, PLLC**<br>One Leadership Square<br>211 N. Robinson, Suite 1350<br>Oklahoma City, OK  73102<br>wilguess@wgokc.com<br>garrett@wgokc.com |

and a file-stamped copy was sent, via U.S. Mail, to the following:

| | |
|---|---|
| Warren T. Burns<br>Spencer Cox<br>Kyle K. Oxford<br>**BURNS CHAREST LLP**<br>900 Jackson St. Suite 500<br>Dallas, TX  75202<br>wburns@burnscharest.com<br>scox@burnscharest.com<br>koxford@burnscharest.com | Don Barrett<br>**BARRETT LAW GROUP, P.A.**<br>404 Court Square North<br>Lexington, MS  39095-0927<br>donbarrettpa@gmail.com |

/s/ *John J. Griffin Jr.*
John J. Griffin Jr.